DLD-290                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-2563

_____

IN RE:  DANIEL ARTHUR HELEVA,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 1-07-cv-01398)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 16, 2018
Before:  JORDAN, SHWARTZ, and KRAUSE, Circuit Judges

(Opinion filed:  September 7, 2018)

_____

OPINION*

_____

PER CURIAM

    Daniel Heleva, proceeding pro se, has filed a petition for a writ of mandamus

seeking an order directing the United States District Court for the Middle District of

Pennsylvania to adjudicate a motion filed in his habeas proceedings.  For the reasons that

follow, we will deny the petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Heleva filed a habeas petition pursuant to 28 U.S.C. § 2254. The District Court denied his amended petition in an order entered January 9, 2018. Before the District Court denied the amended petition, Heleva filed a document titled a "Motion and Brief for Relief from Fraud, Rule 60(b)." In his mandamus petition, Heleva asks us to compel the District Court to adjudicate this motion. He also asks us to order that a Rules Committee consider amendments to the Federal Rules of Appellate Procedure as to the time District Courts are afforded to rule on such motions.

"Traditionally, the writ of mandamus has been used to 'confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" In re Chambers Dev. Co., Inc., 148 F.3d 214, 223 (3d Cir. 1998) (citations omitted). "The writ is a drastic remedy that 'is seldom issued and its use is discouraged.'" Id. A petitioner must show that he has no other adequate means to attain the desired relief and that his right to the issuance of the writ is clear and indisputable. Id. A writ should not be issued where an ordinary appeal is available. Id.

Heleva has not shown that he has no other adequate means to attain his desired relief. He filed an appeal of the District Court's order denying habeas relief and raised an issue as to the disposition of his "Motion and Brief for Relief from Fraud, Rule 60(b)." We denied Heleva's request for a certificate of appealability and noted in our order that the District Court's subsequent post-judgment order reflected that it had considered the filing, which advanced arguments in support of his habeas petition, in denying relief.

2

Because Heleva could – and did – pursue his issue on appeal, mandamus relief is not warranted.

Heleva also has not shown that mandamus relief is either available or warranted in connection with his request for amendments to the Federal Rules of Appellate Procedure. To the extent Heleva contends that the District Court decided his habeas petition without the complete state court record, any issues as to the record could have been raised in his appeal of the denial of habeas relief.

Finally, to the extent Heleva asserts that the District Court erred in denying his post-judgment motion raising the issue of a ruling on his "Motion and Brief for Relief from Fraud, 60(b)" and a bail motion, as noted above, a writ should not be issued where an appeal is available. Even if we were to treat Heleva's mandamus petition as a notice of appeal of the post-judgment order, no relief would be due. As stated above, Heleva's motion alleging fraud, while styled as a motion pursuant to Federal Rule of Civil Procedure 60(b), was filed before a judgment was issued and can be construed as advancing arguments in support of his habeas petition. The District Court stated in its order that it considered the entire record in adjudicating his petition. An appeal of the order as to Heleva's bail motion also would be meritless.

Accordingly, we will deny the petition for a writ of mandamus.